Brian T. RODGERS, Petitioner—Appellant,

v.

Claude FINN, Warden; Attorney General for the State of California, Respondents—Appellees.

No. 04–16214.

D.C. No. CV–01–00975–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided Nov. 23, 2005.

Carolyn D. Phillips, Esq., Fresno, CA, for Petitioner—Appellant.

Janis Shank McLean, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents—Appellees.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Brian T. Rodgers appeals the district court's dismissal based on procedural default of his 28 U.S.C. § 2254 petition challenging his conviction for willful infliction of corporal injury. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand.

Rodgers contends that the state never met its burden to prove the adequacy of the state procedural rule invoked by the California Supreme Court to bar his claim. *See Bennett v. Mueller,* 322 F.3d 573, 583 (9th Cir.2003) ("To be deemed adequate, the state law ground for decision must be well-established and consistently applied."), *cert. denied,* 540 U.S. 938, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003). We agree.

The state's brief mention of adequacy in its answer to the § 2254 petition with a citation to *Siripongs v. Calderon,* 35 F.3d 1308 (9th Cir.1994), and *Deere v. Calderon,* 890 F.Supp. 893 (C.D.Cal.1995), is not sufficient to meet its burden. In *Bennett,* this court disavowed reliance on *Deere,* in part because that was a capital case. *See Bennett,* 322 F.3d at 583. Likewise, *Siripongs* was a capital case, so it cannot provide any more basis for pleading adequacy under *Bennett.* The state's reference on appeal to cases that precede *Bennett* is likewise unavailing. *See id.* at 584 (stating that there was a genuine question whether the untimeliness rule in *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), was adequate). Be-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause the state has failed to carry its ultimate burden to prove adequacy, we reverse and remand to the district court to determine whether California's untimeliness rule is well established and consistently applied. *See Bennett,* 322 F.3d at 586.

REVERSED AND REMANDED.